E-FILED
Wednesday, 03 January, 2018 04:15:40 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RONALD L. COLLINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 17-cv-3151 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Ronald Collin's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (d/e 1). Also before the Court is the Government's Motion to Dismiss (d/e 6). Because Petitioner's Motion is untimely, the Government's Motion to Dismiss is GRANTED and Petitioner's § 2255 motion is DISMISSED.

### I. BACKGROUND

In September 2014, Petitioner was charged by indictment of the following counts: the production of child pornography under 18 U.S.C. § 2251(a) (Count 1), the receipt of child pornography under 18 U.S.C. § 2252(a)(2)(A) and (B) (Count 2), the possession of child

pornography under 18 U.S.C. § 2252(a)(4)(B) (Count 3), and the production of child pornography while being required to register as a sex offender under 18 U.S.C. § 2260A (Count 4).  See United States v. Collins, United States District Court, Central District of Illinois, Springfield Division, Case No. 14-cr-30038 (hereinafter, Crim.), Indictment (d/e 1).

In January 2015, Petitioner pleaded guilty to Count 2 pursuant to a plea agreement.  See Crim. Plea Agreement (d/e 15).  As part of the plea agreement, Petitioner and the Government stipulated that the appropriate sentence in this case would be 300 months' imprisonment on Count 2 and a life term of supervised release.  Id. at 5.  Petitioner waived his right to direct appeal regarding his "plea agreement . . . conviction and . . . sentence" other than claims of "involuntariness or ineffective assistance of counsel."  Id. at 7-8.  Petitioner also waived his right to collaterally attack any issues related to his "plea agreement, conviction and/or sentence," including in a § 2255 motion, other than a claim for ineffective assistance of counsel.  Id. at 8.

The Probation Office prepared a revised Presentence Investigation Report (PSR).  Crim. PSR (d/e 23).  The PSR found

that Petitioner faced a mandatory minimum of 15 years imprisonment and a maximum of 40 years on Count 2. Crim. PSR at ¶ 83 (d/e 23). This mandatory minimum was due to Petitioner's previous conviction of Aggravated Criminal Sexual Abuse in Illinois Circuit Court. In May 2015, this Court sentenced Petitioner to the stipulated sentence of 300 months' imprisonment. See Crim. Judgment (d/e 28). Petitioner did not appeal the judgment.

In July 2017, Petitioner filed this Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See (d/e 1). Petitioner filed a Motion to Amend (d/e 3), which the Court has construed as an addendum to his § 2255 Motion. See July 20, 2017 Text Order. In his Motion, Petitioner alleges his Sixth Amendment rights were violated based on ineffective assistance of counsel for defense counsel's (1) failure to properly evaluate whether his prior conviction qualified for a mandatory life sentence under 18 U.S.C. § 3559(e) for Count 1 of the indictment; (2) failure to properly evaluate whether his prior conviction would be used to enhance his sentence under 18 U.S.C. § 2252(b)(1); (3) failure to consider that, given Petitioner's age of 56 at the time of sentencing, a 25- year sentence was essentially a life

sentence; and (4) failure to use F.R.E. 609(b) to preclude evidence of the prior conviction. See Motion (d/e 1 and 3). Petitioner alleges he is seeking "redress for his 'bad advice'" comparable to the Supreme Court's recent decision in Lee v. United States, 137 S.Ct. 1958, 1967 (2017). See Motion (d/e 1).

In September 2017, the Government filed a Motion to Dismiss, alleging Petitioner's claims were untimely, that counsel was not ineffective, and that Petitioner would have suffered no prejudice had counsel been ineffective. See Motion to Dismiss (d/e 6). Petitioner did not file a response.

## II. **ANALYSIS**

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Here, Petitioner's claims must be dismissed because they are untimely.

A one-year period of limitation applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest

of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). The timeliness of each claim must be considered independently. Davis v. United States, 817 F.3d 319, 327 (7th Cir. 2016).

In this case, the only two possible dates from which the one-year period began to run are the dates provided under § 2255(f)(1) and (f)(3) because Petitioner does not allege any government action prevented him from making a motion (§ 2255(f)(2)) or that he recently discovered, through the exercise of due diligence, facts supporting his claims of ineffective assistance of counsel (§ 2255(f)(4)).

Petitioner's criminal judgment was entered on May 11, 2015. See Crim. Judgment (d/e 28). Petitioner had fourteen days to file a notice of appeal and did not file an appeal. See Fed.R.App. P. 4(b)(1)(A). Accordingly, his judgment became final after his fourteen-day window to appeal expired. Petitioner's Motion filed in July 2017 was clearly filed beyond the one year deadline.

The other possible deadline for calculating the one-year period is the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). While Petitioner does not make an explicit argument regarding timeliness, his Motion relies, in part, on the U.S. Supreme Court's decision Lee v. United States, 137 S.Ct. 1958 (2017) as the basis for relief. See Motion (d/e 1). However, the Supreme Court did not recognize a new right in Lee.

"[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989) (emphasis in original). However, "Teague also made clear that a case does not announce a new rule, when it is merely an application of

the principle that governed a prior decision to a different set of facts." Chaidez v. United States, 568 U.S. 342, 347–48 (2013) (internal citations omitted). The Supreme Court in Lee clarified the procedure for showing prejudice in the context of ineffective assistance on a guilty plea. Lee, 137 S.Ct. at 1966. The Supreme Court did not announce a new rule of constitutional criminal procedure, but, as the language makes clear, was merely applying the principles of Hill v. Lockhart, 474 U.S. 52 (1985) and Strickland v. Washington, 466 U.S. 668 (1984) to a specific set of facts. See Lee, 137 S.Ct. at 1966 ("[C]ommon sense (not to mention our precedent) recognizes that there is more to consider than simply the likelihood of success at trial."). See also, United States v. Pola, No. 16-6295, 2017 WL 3098179, at *5 (6th Cir. July 21, 2017) (noting "[t]he Supreme Court recently clarified [the Hill] standard in [Lee]); Young v. Spinner, 873 F.3d 282, 285 (5th Cir. 2017) (noting the Lee decision clarified the Supreme Court's "standard for showing prejudice in the context of a guilty plea, emphasizing the need for a case-by-case examination of the totality of the evidence."). Accordingly, Petitioner's § 2255 Motion is untimely.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, this Court declines to issue a Certificate of Appealability. Reasonable jurists would not dispute that the action is barred by the applicable period of limitations. See 28 U.S.C. § 2253(c)(2).

## IV. **CONCLUSION**

For the reasons stated, the Government's Motion to Dismiss (d/e 6) is GRANTED and Petitioner Ronald Collin's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (d/e 1) is DISMISSED. The Court declines to issue a certificate of appealability. This case is CLOSED.

**ENTER: January 3, 2018**

                          **/s/ *Sue E. Myerscough***
                          **SUE E. MYERSCOUGH**
                          **UNITED STATES DISTRICT JUDGE**